IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:15 CR 358-3 |
| Plaintiff, | ORDER OF DETENTION |
| -vs- | JUDGE JACK ZOUHARY |
| Asif Ahmed Salim, | |
| Defendant. | |

## INTRODUCTION

Defendant is charged in three counts of a four-count Indictment, filed on September 30, 2015, alleging conspiracy to provide material support to terrorists, providing material support to terrorists, and conspiracy to obstruct justice (Doc. 1). Following his arrest on November 12, 2015, Defendant was arraigned before Magistrate Judge James Knepp, at which time the Government moved for detention. Defendant waived his right to a detention hearing, but reserved the right to file a motion for bond and request a hearing at a later date. Pending before this Court is Defendant's Application for Release on Bail (Doc. 34) and the Government's Opposition (Doc. 35).

This Court held a detention hearing on January 21, 2016 pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f). At the hearing, Defendant's counsel proffered on behalf of Defendant's wife, mother, and mother-in-law, and presented testimony from Defendant's brother-in-law. This Court also heard argument from counsel. Defendant proposes the following conditions for his release: (1) he would reside at his in-laws' residence in Duluth, Georgia, with his wife and mother-in-law serving as third-party custodians; (2) he would submit to home confinement and electronic monitoring; and

(3) his release would be secured by a property bond including his in-laws' house, with a market value of approximately $326,000, and his sister- and brother-in-law's house, with an equity value of approximately $114,000.

This Court reviewed with counsel Pretrial Services Reports dated November 18, 2015 and January 16, 2016, which each conclude with the recommendation that Defendant be released to home confinement and electronic monitoring on a $500,000 property bond deemed fully secured by the two proposed properties, with additional conditions of release. That conclusion is based on a limited assessment of Defendant and his proposed conditions of release, and does not take into consideration the statutory presumption of detention and the evidentiary burdens of proof this Court must evaluate.

## **DISCUSSION**

Under the Bail Reform Act, the default legal position is that a defendant should be released pending trial. Defendant may be detained pending trial only if this Court "finds that no condition or combination of conditions will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). However, when a "judicial officer finds that there is probable cause to believe" that a defendant committed one of the offenses listed in Section 3142(e)(3), there is a presumption in favor of detention. *Id.*; *see United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

The parties agree the Government has established the presumption in favor of detaining Defendant under Section 3142(e)(3)(C). Counts 1 and 2 of the indictment -- conspiracy to provide material support to terrorists and providing material support to terrorists -- are crimes of terrorism that carry maximum punishments greater than ten years. *See* 18 U.S.C. § 2332b(g)(5)(B).

Defendant may rebut the presumption of detention by introducing evidence that there exist "conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). The Government does not oppose the specific proposed release conditions, but rather argues Defendant should not be released because of the nature of the alleged crime and the factors listed in Section 3142(g). In light of all the evidence presented, considering the characteristics of Defendant and the offense charged, and evaluating all available terms and conditions of release, this Court finds by a preponderance of the evidence that no available term or condition of release would reasonably assure Defendant's further appearance. In making these findings, this Court has considered the criteria set forth in 18 U.S.C. § 3142(g).

**Nature and Circumstances of the Offense Charged**. Defendant is charged with conspiring to provide Anwar Al-Awlaki with approximately $29,000 for the purposes of committing terrorist acts. In 2010, Awlaki was designated as a key leader for al-Qa'ida in the Arabian Peninsula (*see* Doc. 35 at 6). The Indictment details how the money provided by Defendant and his co-conspirators was delivered to Awlaki's associate in July 2009, and how in December 2009, Awlaki planned and engaged in an attempted terrorist attack on United States citizens. A "federal crime of terrorism" is one of the enumerated offenses identified by the statute for this Court to consider is assessing Defendant's release. *See* 18 U.S.C. § 3142(g)(1).

**The Weight of the Evidence Against Defendant**. The Indictment is sufficient to establish probable cause that Defendant committed the offenses with which he is charged. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

**The History and Characteristics of Defendant**. In considering Defendant's history and characteristics, this Court is directed to several factors in 18 U.S.C. § 3142(g)(3)(A). Defendant is thirty-five years old, has been married for ten years, and has four young children. Defendant is a United States citizen with no criminal record, but has loose ties to the country. He has extended family in Ohio and Georgia, as well as relatives in Pakistan. After graduating from The Ohio State University with a degree in Geographic Information Systems, he lived in Florida and Kansas but provides no information regarding any employment there. Defendant and his wife moved to the United Arab Emirates in 2011 and resided there until his deportation as a result of these pending charges. At the hearing, Defendant offered evidence of his employment in the U.A.E. as a teacher at the International School of Creative Science and as a Professional Services Manager for GISTEC (Doc. 38-1). Yet Defendant did not explain his job responsibilities, or any extracurricular activities or community involvement during his four years abroad.

The proposed conditions of release would provide for Defendant to live with his wife and children at his in-laws' residence in Duluth, Georgia -- a new home and community for Defendant and his family. While his attorney proffered that Defendant intends to enroll his children in school there, Defendant has made no plans to work other than counsel expressing his general desire to be employed to support his family.

The proposed primary custodians are Defendant's mother-in-law and wife. Neither proposed custodian testified at the hearing; however, counsel stipulated that each custodian has only a basic understanding of the charges in the case. This Court is not convinced that either custodian could or would take the necessary steps to control Defendant and his activities. This Court appreciates the testimony from James Smith, Defendant's brother-in-law who is a former police detective and

presently employed as an investigator for the Gwinnett County District Attorney's Office. Smith testified regarding his willingness to transport Defendant to court appearances. However, any comfort Smith's law enforcement background provides is negated by the fact that Smith met Defendant for the first time at the hearing, has no relationship with him, and lives ten to twelve miles from where Defendant would reside. This Court has serious reservations about the proposed custodians' abilities to adequately supervise Defendant, even were this Court otherwise disposed to release Defendant from custody. This Court considers Defendant a risk of non-appearance based on the nature of the charges and his loose ties to this District and the United States, particularly given that he lived and worked in the U.A.E. for the past four years.

**The Nature and Seriousness of the Danger to any Person or the Community Posed by Defendant's Release**. Defendant is charged with conspiring to, and providing, financial support to a known terrorist. Defendant's ties to Awlaki and the emails he allegedly sent and received as excerpted in the Indictment, reflect his support for the violent jihad and terrorist activities against the United States.

## CONCLUSION

Defendant's Motion for Bond is denied (Doc. 34). Defendant is committed to the custody of the United States Attorney General, or a designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Further, this Court directs that Defendant be afforded reasonable opportunity for private consultation with his counsel while in custody. On order of this Court or the request of an attorney for the Government, the person in charge of the corrections facility shall deliver

Defendant to the United States Marshal for purposes of an appearance in connection with court proceedings.

IT IS SO ORDERED.

                                                                                                    s/ *Jack Zouhary*
                                                                                       JACK ZOUHARY
                                                                                       U. S. DISTRICT JUDGE

                                                                                       January 22, 2016