IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO.:  3:15CR358 |
|---|---|---|
| Plaintiff-Respondent, | ) ) ) | JUDGE JACK ZOUHARY |
| v. | ) ) ) | |
| ASIF AHMED SALIM, | ) ) | GOVERNMENT'S RESPONSE IN OPPOSITION TO RENEWED MOTION |
| Defendant-Petitioner. | ) ) | OF ASIF SALIM  FOR PRETRIAL RELEASE ON BAIL |

Now comes the United States of America, by and through its attorneys, Carole S. Rendon, Acting United States Attorney, and Matthew W. Shepherd, Assistant U.S. Attorney, and submits this response in opposition to the Renewed Motion of Asif Salim for Pretrial Release on Bail. (Doc. 67).  For the following reasons, the government requests that the motion be denied without a hearing.

**I. BACKGROUND**

On September 30, 2015, Asif Salim was charged in three counts of a four-count indictment charging him with Conspiracy to Provide Material Support to Terrorists in violation of 18 U.S.C. § 2339A (Count 1); Providing Material Support to Terrorists in violation of 18 U.S.C. § 2339A (Count 2); and Conspiracy to Obstruct Justice in violation of 18 U.S.C. § 1512(k). (Doc. 1).  The indictment alleges that Salim conspired to provide and did provide funds to Anwar Al-Awlaki for use in conducting terrorist attacks and that Salim and his co-conspirators

conspired to obstruct the investigation into the provision of these funds. Salim's co-defendants include his brother, Sultane Roome Salim and another pair of brothers, Yahya Farooq Mohammad and Ibrahim Zubair Mohammad.

Although a United States citizen, at the time of the indictment and for approximately the last four years, Salim has lived outside the United States. After his indictment, Salim was detained and consented to deportation back to the United States. Upon his arrival in the United States in the Eastern District of Virginia, he was arrested on the indictment on November 12, 2015. After making his initial appearance in the Eastern District of Virginia, Salim ultimately waived his rights to an identity hearing and detention hearing in that district, consenting to his transfer to the Northern District of Ohio in custody. He was arraigned on November 25, 2015, and pled not guilty to all counts. At that time, the government moved for detention. Salim waived his right to a hearing at that time, but reserved the right to file a motion for bond and a detention hearing at a later date. On January 12, 2016, Salim filed his First Motion for Bond. (Doc. 34). The government filed a response in opposition. (Doc. 35). The Court held a detention hearing on January 21, 2016. On January 22, 2016, the Court issued an order denying Salim's request to be released on bond and ordered him detained pending trial. (Doc. 39).

On April 9, 2016, Salim filed the instant Renewed Motion of Asif Salim for Pretrial Release on Bail. (Doc. 67).

## II.   ARGUMENT

Defendant Asif Salim's renewed motion for release on bond should be denied without a hearing. The additional evidence proffered by Salim was previously available to him at the time of his initial detention hearing and therefore does not constitute newly discovered evidence or changed circumstances providing a basis for a second or renewed detention hearing. Further, the

2

evidence proffered by Salim does not undermine or provide reason for the Court to reconsider its earlier ruling. As a result, his motion should be denied without a hearing.

18 U.S.C. § 3142(f)(2)(B) provides that a detention hearing may be reopened after a decision on detention has been made:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2)(B). The new information "must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." United States v. Watson, 475 F. App'x 598, 600 (6th Cir. 2012). A defendant does not have a right to a second detention hearing; the Court has discretion regarding whether to hold another hearing. The use of the word "may" in Section 3142(f)(2)(B) "indicates discretion on the part of the district court" in deciding whether to reopen a detention hearing. Id., at 601. To justify reopening the hearing, the new or unknown information must also be sufficiently material. United States v. Sandles, 9 F. App'x 377, 379 (6th Cir. 2001).

To be considered new information justifying the reopening of a detention hearing, the information must not have been available to the defendant at the time of the first hearing. "Courts have interpreted strictly the statutory provision authorizing the reopening of a detention hearing, holding that hearings should not be reopened if the evidence proffered was available at the time of the hearing." United States v. Jerdine, 2009 WL 4906564 at *3 (N.D. Ohio Dec. 18, 2009). For example, in United States v. Dillon, 938 F.2d 1412, 1415 (1st Cir. 1991), the First Circuit Court of Appeals held that a defendant was not entitled to have his detention hearing reopened in order to present affidavits from family, a police officer, friends, and former

3

employers when the information was known to the defendant at the time of the prior hearing. And in United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989), the Fifth Circuit Court of Appeals affirmed the district court's decision not to reopen a detention hearing because the testimony of family members and a friend, as well as evidence of defendant's exemplary conduct while detained, was not new information within the meaning of § 3142(f).

Indeed, a defendant "may certainly (and usually will) become aware of new evidence as a result of discovery or investigation, and that evidence will almost certainly bear on at least the 'weight of the evidence' and 'nature of the charge' factors considered during a detention review." United States v. Rodriguez-Adorno, 606 F. Supp. 2d 232, 239 (D.P.R. 2009). This kind of evidence is not what is contemplated by the statute to provide a basis for a new detention hearing, however. "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." Jerdine, 2009 WL 4906564 at *3 (citing Rodriguez-Adorno, 606 F. Supp. at 239).

In this case, the "new" information submitted by Salim consists of proposing his sister-in-law Sabrina Nizam as a third-party custodian; affidavits from his wife, Farah Nizamuddin, and his mother-in-law, Nikhat Nizamuddin, regarding their knowledge of the charges against him and their willingness to serve as third-party custodians; and Salim's employment records from 2007. This additional information proffered by Salim does not rise to the level of being newly discovered information within the meaning of 18 U.S.C. § 3142(f)(2)(B) because all of it was either available to the defendant at the time of the first hearing or it is not material. Salim was arraigned in the Northern District of Ohio on November 25, 2015, and his detention hearing was

4

held on January 21, 2016, providing him with more than sufficient time to have prepared for his hearing and to have obtained and presented all of the information he now presents as "new."

First, proposing Salim's sister-in-law Sabrina Nizam as a third-party custodian is not new information that was not available to Salim at the time of his first hearing. Salim could have proposed her as a custodian then, called her to testify then, or proffered her willingness to serve as a custodian. She is his wife's sister, so he clearly knew who she was on January 21, 2016, and could have asked her to serve as a custodian then. There is no indication that anything about the circumstances of her willingness to be a third-party custodian is based on information that was not available to Salim then. Therefore, proposing her as a custodian is not new information in the context of 18 U.S.C. § 3142(f)(2)(B). More is required to constitute newly discovered information sufficient to reopen a detention hearing for purposes of 18 U.S.C. § 3142(f)(2)(B) than to identify another relative as a proposed custodian. Otherwise, a defendant could demand an endless succession of detention hearings simply by proposing a new family member as custodian after each failed attempt to be released on bond. Thus, proposing his sister-in-law as a custodian is not sufficient to justify reopening the detention hearing.

Second, the affidavits from Salim's wife and mother-in-law also do not contain new information that was not previously available to Salim at the time of his detention hearing. At that hearing and in his initial motion for bond, Salim identified his wife and mother-in-law as proposed third-party custodians. It was certainly available to Salim to obtain affidavits from them to support his argument for release at the time of his first hearing. Further, nothing in the affidavits concerns newly discovered information that was not available at the initial hearing. Both could have previously read the indictment at the time of the initial hearing and could have provided the same assurances to act as custodians then. Therefore, these affidavits also do not

5

constitute new information for purposes of 18 U.S.C. § 3142(f)(2)(B).  See Dillon, 938 F.2d at 1415-16 (upholding district court's finding that affidavits and letters submitted by defendant in support of request to reopen detention hearing were not new evidence because at the prior hearing "appellant had had sufficient time to obtain the affidavits and letters, or to arrange for the personal appearance of any witnesses").

Finally, Salim's employment records are also not newly discovered information and are not material.  Salim could have presented records of his employment in 2006 and 2007 at his initial hearing.  He surely knew where he had worked in his past.  Nothing prevented him from obtaining and presenting records related to his prior employment at that hearing. Thus, these records are not information that was not available to him then.  These records are also not material.  Records showing where Salim worked in 2006 and 2007 are not material to a determination of detention in 2016, especially when Salim lived in a foreign country for the last four years immediately prior to his arrest.

The additional information provided by Salim was all available to him at the time of his initial detention hearing.  Further, this information does not change the fundamental facts of his case and situation.  Salim is charged with conspiracies to commit a federal crime of terrorism and to obstruct justice, invoking a presumption of detention.  A grand jury found probable cause to believe that he conspired to provide and did provide material support to terrorists.  He has not lived or worked in the United States for the last four years, has minimal ties to the Northern District of Ohio, and proposes to reside several states away in Georgia.  As the government previously argued in its opposition to Salim's first motion for bond, adopted and reincorporated herein, Salim should be detained as a flight risk and danger to the community.

6

The Court held a hearing at which Salim had a full opportunity to present evidence and testimony in support of his request to be released on bond.  After that hearing, the Court ordered Salim detained.  Nothing submitted by Salim as new information challenges the factual findings made by the Court or undermines the Court's prior conclusion that Salim should be detained.  His sister-in-law is substantially the same type of family member custodian as his wife and mother-in-law, who were previously proposed as custodians; the affidavits by his wife and mother-in-law, who were already proposed as custodians, do not provide significant new information about their suitability as custodians that was not previously proffered to the Court; and the information about Salim's employment in 2006 and 2007 provides little new insight for a decision on detention in 2016. The evidence proffered by Salim simply does not provide a basis for reconsidering the Court's prior decision.  Therefore, that decision should remain, and Salim's motion should be denied without hearing.

### III.	CONCLUSION

Because Salim has not submitted material new information that was not available to him at the time of his prior hearing, his motion should be denied without a hearing.

Respectfully submitted,

CAROLE S. RENDON
Acting United States Attorney

By:	/s/ Matthew W. Shepherd
	Matthew W. Shepherd (OH: 0074056)
	Assistant United States Attorney
	United States Court House
	801 West Superior Avenue, Suite 400
	Cleveland, OH 44113
	(216) 622-3859
	Matthew.Shepherd@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on this 21st day of April, 2016, a copy of the foregoing Government's Response in Opposition to Renewed Motion of Asif Salim for Pretrial Release on Bail was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                /s/ Matthew W. Shepherd
                Matthew W. Shepherd
                Assistant U.S. Attorney