IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. 3:15 CR 358 |
| | ) | JUDGE HELMICK |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DEFENDANT ASIF SALIM'S |
| | ) | RESPONSE TO |
| ASIF AHMED SALIM, *et al.*, | ) | GOVERNEMENT'S |
| | ) | REQUEST FOR CONTINUED |
| | | STAY |

  This Court granted release to the Defendant upon the proffering of an alternative custodian and finding that, with such custodian, the conditions of release were sufficient to ensure that he was not a threat to the community or a risk of flight. At the conclusion of the hearing, the Government sought a stay of release to determine whether the Government would appeal. On February 15, 2018, the Government filed an appeal of this Court's ruling before the Sixth Circuit. The Sixth Circuit has accepted this appeal and ordered that the Government file its appellate brief on March 2, 2018. Defendant has been ordered to file a response brief no later than March 16, 2018. The Government now seeks that this Court continue the stay of the release of the Defendant, pending the outcome of the appeal before the Sixth Circuit. For the reasons set forth below, this Court should deny the Government's request for a stay of release pending appeal or, alternatively, provide the Government only five additional days to seek a stay from the Sixth Circuit.

  While the Government has the right to appeal this Court's decision, its prospects for success are minimal. This Court's decision to reopen a bail hearing to consider additional evidence was within this Court's discretion. *See United States v. Watson*, 475 F. App'x 598, 599

(6th Cir. 2012) (attached).[1] While the alternate custodian proposed by the Defense had been proposed at the initial bond hearing, Judge Zouhary did not question or obtain information from the alternate custodian. Because the Judge Zouhary had not considered the qualifications of the alternate custodian, this Court's consideration of his qualifications constitutes new evidence and does not amount to an error of law by this Court.

In his initial bond decision, Judge Zouhary ruled that the Defendant was a risk of flight. Doc. 39 at 3 ("[T]his Court finds by a preponderance of the evidence that no available term or condition of release *would reasonably assure Defendant's further appearance*") (emphasis added).[2] Having found that the burden had not been rebutted with respect to risk of flight, the court did not rule on whether the Defendant posed a risk to the community.[3]

Whether conditions are sufficient to ensure the safety of the community and the Defendant's presence at trial is within this Court's discretion. *See United States v. Campos*, 770 F.2d 167 (6th Cir. 1985) (not selected for full-text publication) (attached) (finding that setting bond in a serious offense was within the district court's discretion and assured the presence of the defendant at trial). And while there is a presumption against release, the determination of whether this presumption has been rebutted is also within this Court's discretion. As noted in the Defendant's motion for bond, multiple courts have determined that similarly situated defendants

---

[1] *Watson* is an unpublished decision, but the Sixth Circuit Court of Appeals does not ordinarily publish appeals of bond decisions, because the cases are factually unique and do not require interpretation of the Bail Reform Act.

2 This Court's ruling and Judge Zouhary's ruling on whether the rebuttable presumption created by 18 U.S.C. §3142(e)(3) was rebutted focused primarily on whether the conditions were sufficient to ensure the presence of the Defendant, rather than risk to the community. This is understandable, given that the primary allegation against the Defendant was a contribution of $2,000 that had occurred years before the Defendant's indictment. Under these circumstances, there was no apparent community risk. Instead, the primary concern was, given the substantial punishment for the offense, the Defendant had substantial reason to flee.

[3] Because his ruling on bond did not consider the issue of danger to the community, the initial judge must have concluded that the Defendant was not a danger to the community.

could be released on bond without posing a risk to the community or a risk of flight. Under these circumstances, it can hardly be said that this Court's determination constituted an abuse of discretion.

In the absence of a clear error and the wide discretion granted to this Court, the alternative merit of the Government's appeal is tactical. Continuing to hold the Defendant in custody while the appeal is pending reduces the Defendant's ability to prepare for trial. *See Stack v. Boyle*, 342 U.S. 1, 8 (1951) (noting that without the conditional privilege of pretrial release, a defendant is "handicapped in consulting counsel, searching for evidence, and preparing a defense."). This is particularly true in this case, because counsel is engaged in a jury trial in Florida, commencing on March 1, 2018, until April 6, 2018, and perhaps longer. Counsel's inability to conduct in-person visits with the Defendant further degrades the Defendant's ability to prepare for trial. As such, the Defendant suffers prejudice through the delay of his release.

Under these circumstances, the Sixth Circuit Court of Appeals should decide whether or not to grant a stay pending its resolution of the Government's appeal. The Sixth Circuit Court of Appeals has held that, when a bond decision has been appealed under 18 U.S.C. § 3143, whether to grant a stay of appeal should be decided in the first instance by the district court, holding that the district court is in a much better position to determine whether legal error occurred. *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985). Applying that standard to the present case, this Court should find that there is no clear legal error requiring reversal of its decision, for the reasons set forth above, and deny any further stays.[4]

---

[4] Indeed, if the Court were to believe that it committed legal error during the bond hearing, the appropriate step would not be to grant a further stay but to reopen the bond hearing to address that error.

To the extent that this Court is willing to grant a further stay, that stay should be no longer than to permit the Government to seek a stay from the Sixth Circuit. The Government's appeal of this Court's decision is by right, so the mere fact that the Sixth Circuit is hearing the appeal does not imply that the appeal is meritorious. There is not clear error or abuse of discretion. Therefore, at most, the Court should extend the stay for five days so the Government can seek a stay from the Sixth Circuit.

Respectfully submitted,

Linda Moreno
LINDA MORENO
*Pro Hac Vice Attorney Salim*
(Cal: 92854; Florida: 112283)
P.O. Box 10985
Tampa, Florida 33679
(813) 247-4500
(855) 725-7454
lindamoreno.esquire@gmail.com

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of Defendant's Response to the Government's Request to Continue Stay of Release was electronically filed and served on the Court's electronic Filing system.

Dated this 26th day of February 2018

Linda Moreno
LINDA MORENO
*Pro Hac Vice Attorney Salim*
(Cal: 92854; Florida: 112283)
P.O. Box 10985
Tampa, Florida 33679
(813) 247-4500
(855) 725-7454
lindamoreno.esquire@gmail.com
